IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| STATE OF CALIFORNIA, et al., *ex rel*. | ) | |
| MICHAEL YARBERRY, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 09-CV-588-MJR |
| | ) | |
| v. | ) | |
| | ) | |
| SEARS HOLDINGS CORPORATION and | ) | |
| KMART, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**REAGAN, District Judge:**

This *qui tam* False Claims action pursuant to 31 U.S.C. § 3279, *et seq*., was filed by the relator, Michael Yarberry, on August 3, 2009 (Doc. 2).   After multiple extensions of the 60-day period within which the government may intervene, the United States elected not to intervene in this action, as is its right under 31 U.S.C. § 3730(b)(4). United States Magistrate Judge Philip M. Frazier subsequently granted the relator leave to file a second amended complaint which, in effect, resulted in the voluntary dismissal of "usual and customary" price fraud claims and 11 of the 17 plaintiff-states (and by extension, dismissal of the related state law "usual and customary" price fraud claims) (Doc. 68).

Before the Court is the United States' Notice of Consent to Relator's Voluntary Dismissal of Usual and Customary Price fraud Claims (Doc. 71).   The government specifies that it consents to the dismissal of the "usual and necessary" price fraud claims rights of the relator with prejudice, and without prejudice as to the rights of the United States.   The Court will take this opportunity to tend to the formalities of the False Claims Act, and to address

1

whether the dismissal of the "usual and customary" price fraud claims is with or without prejudice.

Section 3730(b)(1) provides in pertinent part: "The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting."   However, Section 3730(c)(3) provides: "If the Government elects not to proceed with the action, the person who initiated the action shall have the right to conduct the action." In any event, in *U.S. ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928 (2009), the Supreme Court specified that, when the government elects not to intervene, "[t]he United States is thereafter limited to exercising only specific rights during the proceeding," including "vetoing a relator's decision to voluntarily dismiss the action, § 3730(b)(1)." *Id*. at 932.   The consent provision ensures that private parties prosecuting on the government's behalf do not dismiss legitimate claims that the government may want to ensure are prosecuted.   *See generally Bailey v. Shell Western E&P, Inc*., 609 F.3d 710, 719 (5th Cir. 2010).

The government now has filed a written notice of its consent, making further discussion of the applicability of the consent requirement academic. Like the relator and the government, the Court agrees that the "usual and customary" price fraud claims are properly dismissed because 31 U.S.C. § 3730(b)(5) dictates that when there is a pending False Claims Act *qui tam* action, no one other than the government may bring a related action based on the facts of the underlying pending action, and *United States ex rel. Garbe v. Kmart Corp*., No. 08-CV-4669 (Cent. Dist. Cal. Jul. 15, 2008), is just such a case, predating this *qui tam* action.   In such a situation, subject matter jurisdiction is lacking.   *See Bailey*, 609 F.3d at 720-721.

The government would have the Court dismiss the "usual and customary" price fraud claims with prejudice as to the relator, and without prejudice as to the United States.   As a

2

general matter, the Court's acceptance of an amended complaint amounts to a dismissal without prejudice. *See French v. Wachovia Bank*, 574 F.3d 830, 835 (7th Cir. 2009); *see also* Baker-McKee, Jansen, Corr, FEDERAL CIVIL RULES HANDBOOK 546 (2012). The government has offered no rationale or authority for dismissing with prejudice relative to the relator.   Although the relator has acknowledged that at this time subject matter jurisdiction exists only in *Gabe*, neither the relator nor the government have addressed whether the Section 3730(b)(5) jurisdictional limitation is, in effect, permanent.   Therefore, the Court will do nothing to alter the presumption that the dismissal by way of amendment is without prejudice as to both the United States and the relator.

Relative to the 11 plaintiff-states not included in the second amended complaint, the amendment of the complaint merely acts to moot the relator's request that the Court exercise supplemental jurisdiction under 30 U.S.C. § 3732(b).[1] Therefore, the Court need not await confirmation from the 11 plaintiff-states regarding whether they consent to this Court relinquishing supplemental jurisdiction in accordance with 28 U.S.C. 1367(c)(4), due to the unusual nature of this action and *qui tam* litigation in general.

The Court and the United States have now formally consented to the dismissal by way of amendment of the "usual and customary" price fraud claims under the False Claims Act;

---

[1]  30 U.S.C. § 3732(b) grants the Court supplemental jurisdiction over related state law claims "if the action arises from the same transaction or occurrence as an action brought under section 3730." In accordance with *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 496-497 (1983), jurisdictional statutes only granting jurisdiction over a particular class of cases do not support "arising under" original jurisdiction.

therefore, the action may proceed on the second amended complaint.

**IT IS SO ORDERED.**

**DATED:   July 25, 2012**

**s/ *Michael J. Reagan***
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**